IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAULINE WHITEHEAD,<br><br>    Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE EXCHANGE, NANCY PHILLIPP, DICK SACRENZA, and KEVIN DUNNE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS INDIVIDUAL DEFENDANTS<br><br><br>Case No. 2:08-CV-791 TS |

    This matter is before the Court on Defendants Nancy Phillip and Kevin Dunne's Motion to Dismiss Individual Defendants, filed January 19, 2009.[1] In the underlying case, Plaintiff alleges one cause of action for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") against her employer, Defendant Farmers Insurance Exchange ("FIE"), and against Defendants Phillip, Dunne, and Defendant Dick Sacrenza (collectively, the "Individual Defendants"). According to the Complaint, the Individual Defendants were employees of FIE, and participated in the retaliatory

---

[1]Defendant Sacrenza did not file a motion to dismiss, but Defendants Phillip and Dunne move the Court to dismiss all individual defendants, including Defendant Sacrenza. The Court's Order will therefore apply equally to Defendant Sacrenza.

1

conduct. In their motion, Phillip and Dunne argue that Plaintiff's claims against the Individual Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are redundant with the claims against the employer, FIE. Plaintiff responds that she is entitled to bring suit against co-employees in their official capacity. Having determined that oral argument would not materially assist in the determination of this matter, the Court will decide the issues herein without oral argument. For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[2] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

---

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

granted."[6] Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[7]

## II. BACKGROUND

The following facts are taken from Plaintiff's Complaint.[8] Plaintiff and Defendants Phillip and Dunne are residents of Utah. Defendant Sacrenza is a resident of Oregon. FIE is a business, authorized to transact business in Utah. On October 1, 2003, Plaintiff began working for FIE in Sandy, Utah, at a salary grade 31. On September 16, 2005, Plaintiff received a promotion to Senior Claims Representative, with a corresponding salary grade 32. On August 1, 2006, Plaintiff transferred to a new office, and began working on auto insurance claims. In January 2007, Plaintiff was asked by Dunne and his boss to be an "acting supervisor"[9] and to enter a training program known as the Claims Leadership Development ("CLD") program, the completion of which would allow her to be a supervisor and give her an immediate salary boost.

During the same time, Plaintiff's supervisor allegedly began a pattern of conduct that eventually led Plaintiff to file a sexual harassment complaint that resulted in the supervisor being fired. This behavior occurred for approximately four months before Plaintiff filed an official complaint. After Plaintiff reported the sexual harassment, she was questioned as to why she hadn't reported it sooner. Plaintiff was also notified that concerns regarding her failure to report the sexual harassment in a timely manner had been raised and, as a result, she would not be allowed to

---

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] Docket No. 1.

[9] *Id.*, ¶ 10.

complete the CLD courses and receive her promotion.  Plaintiff was told to create a plan of action for making sure she did not fail to report harassing behavior again, and that she would no longer be allowed to be an acting supervisor.  Plaintiff went on medical leave of absence due to the stress of the situation, and upon returning, was informed that she had been subject to disciplinary action for failing to report the sexual harassment.

### III.  DISCUSSION

Defendants argue that a Title VII case is brought against the employer, either directly or by suing employees in their official capacities,[10] and thus reaching the employer through agency theory.[11]  Defendants argue that bringing claims against the employer and employees in their official capacities is redundant,[12] and that the claims against FIE employees Phillip, Dunne, and Sacrenza should therefore be dismissed.  Plaintiff argues that she is within her rights to bring suit against employees in their official capacities.[13]  Plaintiff is correct that a suit against a supervisory employee must be brought against them in their official capacity only.  However, that does not answer the question raised by Defendants.

---

[10]*Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993).

[11]*Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) ("Supervisory employees acting in their official capacities, however, may be named as defendants in a Title VII action as a means to sue the employer under agency theory.").

[12]*See Gary v. Long*, 59 F.3d 1391, 1398-99 (D.C. Cir. 1995) (holding that when a supervisory employee is joined in a Title VII case, they may be sued only in their official capacity, and the claims against them "essentially merge[]" with the claims against the employer).

[13]*Sauers*, 1 F.3d at 1125 ("suits must proceed against individuals in their official capacities only").

There is no doubt that Plaintiff has the right to maintain an action against employees in their official capacities, but that does not mean that Plaintiff can maintain an action against the employees and the employer simultaneously. The Tenth Circuit has stated that a Title VII suit must be brought against the employer, "*either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly."[14] The Tenth Circuit's choice of language indicates that Plaintiff may choose one or the other, but may not maintain simultaneous claims against the employer and supervisory employees.

The Court is aware that Title VII case law does not require dismissal of individual defendants when a claim is also brought against the employer.[15] However, the Tenth Circuit has established that while a plaintiff has the right to choose whether a case is brought directly against the employer or indirectly against supervisory employees, it may not simultaneously maintain both cases indefinitely. Defendant has raised legitimate practical concerns regarding the cost to the Individual Defendants of being named defendants when the Tenth Circuit has stated that it considers the employer to be the "sole defendant"[16] in a Title VII case. Plaintiff has not responded with any justification for imposing upon the Individual Defendants the continued cost of trial when FIE is the only entity from which it may recover damages.

---

[14] *Id.* (emphasis added).

[15] *See, e.g., Wight v. Downing*, Case No. 1:06-cv-107 TS, Docket No. 46 at 4-5 (declining to dismiss claims against individual defendants where a claim against the employer was also pending).

[16] *Williams*, 497 F.3d at 1083 n.1.

## IV.  CONCLUSION

It is therefore

ORDERED that the Motion to Dismiss Individual Defendants (Docket No. 2) is GRANTED.

DATED   March 24, 2009.

                BY THE COURT:

_____
TED STEWART
United States District Judge